UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SCOTT L. BAENA, LITIGATION TRUSTEE,

                      Plaintiff,                      05 Civ. 7018 (PKC)

           -against-                      MEMORANDUM AND
                                                                       ORDER ON MOTION TO
WOORI BANK (f/k/a HANVIT BANK), et. al.,        RECONSIDER AND CERTIFY

                      Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Defendants move for reconsideration of so much of the Memorandum and Order dated September 11, 2007, as denied in part their motion to dismiss the Third Amended Complaint ("TAC"). 2007 WL 2695533 (S.D.N.Y. Sept. 11, 2007) ("Baena II"). Defendants alternatively seek certification of an issue relating to the statute of limitations decided in Baena II. Also, defendants seek certification, pursuant to 28 U.S.C. § 1292(b), of my earlier ruling, denying defendants' motion to dismiss on fourm non conveniens grounds. 2006 WL 2935752, at *5 (S.D.N.Y. Oct. 11, 2006) ("Baena I"). For the reasons set forth below, defendants' motion is denied.

Standards on a Motion to Reconsider

        Parties bear a heavy burden in moving for reconsideration under Rule 59(e), Fed. R. Civ. P., and Local Civil Rule 6.3. Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Management Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting Wendy's Int'l, Inc. v. Nu-Cape Construction, Inc., 169 F.R.D. 680, 685 (M.D. Fla 1996)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); see also Hammer v. First Unum Life Ins. Co., 2005 WL 525445, at *2 (S.D.N.Y. Mar. 7, 2005) aff'd, 160 Fed. Appx. 103 (2d Cir. 2005) (noting that reconsideration is only appropriate where "the Court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal decisions."). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

Grounds Asserted for Reconsideration

Plaintiff's claims are asserted under a provision of the Korean Civil Act ("KCA") which permits a party to assert claims that a defendant intentionally or negligently aided and abetted a fraud. In Baena II, I held that Counts I and II of the TAC alleged negligent aiding and abetting fraud and were barred by the three-year statute of limitations set forth in C.P.L.R. § 214(2) because there is no analogue claim under New York's common law. Baena II, 2007 WL 2695533, at *7-8; N.Y. C.P.L.R. § 214(2) (McKinney 2003). I concluded that Counts III and IV which asserted that defendants intentionally aided and abetted the fraud were timely under C.P.L.R. § 213(8), the six-year provision governing fraud actions. Baena II, 2007 WL 2695533, at *8-9.

In this motion for reconsideration, defendants embrace this Court's ruling that a claim for negligent aiding and abetting a fraud does not exist at common law in New York and is governed by C.P.L.R.§ 214(2), which applies a three-year limitations period to liabilities premised upon a statute. But defendants argue that because the same statutory provision of the KCA provides for negligence-based and fraud-based claims, New York's

single statute of limitations governing statutory claims, C.P.L.R. § 214(4), ought to control both types of claims.

New York has shown a policy preference to have its longer statute of limitations period for fraud claims, C.P.L.R. § 213(8), apply to statutory codifications of fraud claims. See State v. Bronxville Glen I Associates, 181 A.D.2d 516-17 (1st Dept. 1992) (applying six year statute of limitations to Martin Act claim and expressly agreeing with Judge Duffy's decision in Loengard v. Santa Fe Indus., 573 F. Supp. 1355 (S.D.N.Y. 1983)). New York has applied the six-year fraud limitations period to a claim asserted under a statutory provision aimed at attorney misconduct, N.Y. Judiciary L. § 487, because the gravamen of the claim existed at common law. Guardian Life Ins. Co. of America v. Handel, 190 A.D.2d 57, 62-63 (1st Dept.1993).

The Second Circuit has summarized the applicable principles of New York law:

> For a claim to fall within the confines of C.P.L.R. § 214(2), the statute must impose a liability "'for wrongs not recognized in the common or decisional law.'" . . . The New York Court of Appeals has "consistently held that [C.P.L.R. § 214(2)] . . . only governs liabilities which would not exist but for a statute. It does not apply to liabilities existing at common law which have been recognized by statute. Thus, if the [statute imposing liability] merely codifies or implements an existing liability, the three-year statute would be inapplicable."

Banca Commerciale Italiana, New York Branch v. Northern Trust Intern. Banking Corp., 160 F.3d 90, 94 (2d Cir., 1998) (citations omitted).

Here, New York's common law would have recognized the type of fraud claims which have been pleaded in Counts III and IV. Thus, the fact that the Korean statute codifies the claims does not change the result. The six-year provision in C.P.L.R. 213(8) applies.

Logic does not support the argument that because a single statute of a civil law country provides for both the negligence-based and fraud-based claims, C.P.L.R. § 214(2) ought to apply to both separately pled theories. The decisions of the Korean draftsmen—to include the claims in one provision or in several—ought not dictate the governing statute of limitations.

Moreover, the result urged by defendants is not consistent with the text of C.P.L.R. § 214(2) which provides that the three-year period applies to "an action to recover upon a liability, penalty or forfeiture created or imposed by statute <u>except as provided in sections 213</u> . . . ." Id. (emphases added). Here, C.P.L.R. § 213(8) provides the limitations period for the fraud-based claim and is carved out of C.P.L.R. § 214(2).[1]

Finally, defendants endeavor to read too much into cases which have applied a single, uniform statute of limitations to a federal claim regardless of the underlying theory asserted. See Wilson v. Garcia, 471 U.S. 261, 272 (1985) ("a simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose.") <u>superseded</u> by <u>statute</u>, Judicial Improvements Act of 1990, Pub.L. No. 101-650, Title III, § 313(a), 104 Stat. 5114, <u>as recognized in</u> Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 379-80 (2004); Goldstein v. Time Warner New York City Cable Group, 3 F. Supp. 2d 423, 431 (S.D.N.Y. 1998) (applying C.P.L.R. 214(2) to all claims under 612(d) Cable Act). See also Sandberg v. KPMG Peat Marwick, LLP, 111 F.3d 331, 334-35 (2d Cir. 1997) (concluding "a single statute of limitations should govern all ERISA claims under section 510"). The federal policy in favor of a single, uniform limitations period on federal claims likely to recur in federal court does not have much to do with this case arising under Korean law.

---

[1] Defendants' faulty logic could be used to apply the six-year period to all claims: because the fraud-claim is expressly excepted from C.P.L.R. § 214(2), then the entirety of all claims based upon the single, statutory provision ought to be governed by C.P.L.R. § 213(8).

Defendants have raised nothing that was overlooked or disregarded with regard to its arguments under Rule 9(b), Fed. R. Civ. P., and I need not discuss them further.

Section 1292(b) certification

Defendants seek certification for interlocutory review of the question: "Whether CPLR § 214(2) can be applied to one but not another means of violating a single statute of a foreign nation that is a civil law jurisdiction?" For the reasons already discussed, I do not find any substantial ground for difference of opinion on the subject.

Defendants also seek certification of Baena I insofar as it denied their motion to dismiss on forum non conveniens grounds. Defendants would have this Court certify the following question:

> Whether a foreign plaintiff can, as a matter of law, avoid a *forum non conveniens* dismissal by allowing another foreign jurisdiction's statue of limitations to lapse before filing suit in the United States where (1) the claim is brought under that jurisdiction's substantive law and (2) both the plaintiff's and the defendants' home jurisdictions (where all the conduct at issue took place) would also apply that same jurisdiction's limitations period?

Defendants have not demonstrated that the foregoing was a "controlling issue of law" decided by the Court in Baena I, or that there is a "substantial ground for difference of opinion. . . ." 28 U.S.C. § 1292(b). Further, while section 1292(b) places no time limit on a party seeking certification, defendants have not offered any substantial justification for waiting nearly a year in seeking the relief.

Conclusion

For the foregoing reasons, the motion for reconsideration and for certification pursuant to 28 U.S.C. § 1292(b) is DENIED.

SO ORDERED.

/s/ P. Kevin Castel
P. Kevin Castel
United States District Judge

Dated: New York, New York
November 5, 2007